### THE UNITED STATES DISTRICT COURT
### NORTHER DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  5:08CR84 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RASHIDD E. DOUGLAS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on a Motion to Suppress, a Motion requesting a *Franks* hearing, a Motion to Compel, and a Motion to produce the informant filed by Defendant, Rashidd E. Douglas.  Plaintiff United States of America timely responded to the Motions.  Upon review of the relevant filings and applicable law, the Court orders that Defendant's Motions are DENIED.

### I.      Facts

On January 24, 2008, the Akron Municipal Court issued a search warrant for 724 Kenmore Boulevard, Akron, Ohio.  The warrant was issued based on an affidavit from Akron Police Detective James Palmer.  Based on the warrant, officers executed a search of the premises on January 25, 2008.  At the time of the search, Defendant was present at the above address.  During that search, officers recovered a firearm, counterfeit ecstasy pills, and roughly $30,000 in cash.  Following his arrest, Defendant waived his Miranda rights and admitted ownership of the firearm.

On February 13, 2008, Defendant was indicted on one count of unlawful possession of a firearm by a felon.  On April 7, 2008, Defendant moved to suppress the

evidence seized during the search executed by the Akron officers.  On April 14, 2008, the Government responded in opposition to the motion.

## II.      Law and Analysis

Defendant raises two distinct challenges to the search at issue.  This Court addresses each contention in turn.

### A.  Failure to Knock and Announce

In his motion, Defendant alleges that officers failed to knock and announce their presence prior to executing the warrant.  In response, the Government asserts that officers properly announced their presence prior to entering the home.  The Court, however, need not resolve this evidentiary dispute.  The U.S. Supreme Court has made clear that the exclusionary rule should not be applied to cases that allege a violation of the knock and announce rule.  *See Hudson v. Michigan*, 547 U.S. 586 (2006).

> In sum, the social costs of applying the exclusionary rule to knock-and-announce violations are considerable; the incentive to such violations is minimal to begin with, and the extant deterrences against them are substantial - incomparably greater than the factors deterring warrantless entries when *Mapp* was decided.  Resort to the massive remedy of suppressing evidence of guilt is unjustified.

*Id.* at 599.  Consequently, even assuming a violation of the knock and announce rule, Defendant's remedy is not suppression.[1]

### B.  Inadequate information in the warrant affidavit

Defendant next challenges the sufficiency of the information in the warrant affidavit.  Specifically, Defendant asserts that the veracity of the confidential information

---

[1] This Court need not reach the issue of whether *Hudson* extends to violations of 18 U.S.C. § 3109 and its traditional exclusion remedy because the warrant herein was issued and executed by state authorities.  *See United States v. Ferguson*, 252 Fed. Appx. 714, 719 (6th Cir. 2007).

("CI") was not demonstrated and that the affiant omitted key information in the warrant. This Court finds no merit in Defendant's contentions.

In *Illinois v. Gates*, 462 U.S. 213 (1983), the United States Supreme Court established a "totality of the circumstances" test for determining whether a tip established probable cause.  In *Gates*, Court stated as follows:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of crime will be found in a particular place.

*Gates,* 462 U.S. at 238.  Specifically, "information received from an informant whose reliability is not established may be sufficient to create probable cause when there is some independent corroboration by the police of the informant's information."  *United States v. Tuttle*, 200 F.3d 892, 894 (6th Cir. 2000)(citing *United States v. Weaver*, 99 F.3d 1372, 1377 (6th Cir.1996); *United States v. Leake*, 998 F.2d 1359, 1365 (6th Cir.1993)).

In the instant matter, the Government concedes that the CI's reliability was not established in the affidavit in support of the warrant.  The Government, however, asserts that the affidavit contains sufficient evidence to corroborate the CI's information.  This Court agrees.

In his affidavit, Palmer stated that the CI was searched prior to entering the address in question.  The CI was then provided funds with which to purchase drugs.  The CI then called the resident of the address, Kelly Kelker.  Kelker suggested that the CI meet her at a different address.  Detectives conducting surveillance on Kelker's home then followed her to the destination agreed on during the phone conversation with the CI.  Upon returning from that destination, the CI provided officers with 100 units of ecstasy.

According to Palmer's affidavit, the controlled buy at issue herein was closely monitored.  Officers provided the funds to purchase the drugs, searched the CI for contraband prior to the buy, witnessed Kelker depart from the home and travel to an agreed-upon destination, and found ecstasy on the CI after the buy.  Accordingly, the Government corroborated the information provided by the CI through its surveillance of Kelker and the controlled buy.  Based on the officers' observations, Kelker sold 100 units of ecstasy to the CI immediately after leaving the residence in question and stopping nowhere beforehand.  Based on the totality of the circumstances, the magistrate properly concluded that probable cause existed to issue a warrant to search Kelker's residence.

C. *Franks* hearing

Defendant also asserts that Palmer omitted material information when he executed his affidavit.  Specifically, at the time Palmer executed the affidavit, he was aware that a representative sample of the 100 pills had revealed that the pills were counterfeit.  This information was not included in the affidavit.[2]  Defendant has alleged that this omission by Palmer mandates a *Franks* hearing.  This Court disagrees.

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine.  There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.  They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.

*Franks v. Delaware*, 438 U.S. 154, 171 (1978).  "Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to

_____

[2] Testing later revealed that 99 of the 100 pills were counterfeit, but this information was not known to Palmer at the time he swore out his affidavit.

4

one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Id.* at 171-72.

In the instant matter, Defendant alleges that the affidavit was false in that it omitted material information. Defendant, therefore, seeks to *add* information to the warrant affidavit, alleging that the inclusion of this information would have negated a finding of probable cause. Following the test set forth in *Franks*, this Court disagrees. If Palmer had included the fact that a representative sample of the pills had been tested and revealed to be counterfeit, the finding of probable cause of unlawful activity would not have been altered. Ohio Revised Code § 2925.37(B) makes it unlawful to knowingly sell a substance that is a counterfeit controlled substance. Consequently, any omission by Palmer in his affidavit had no effect on the magistrate's ultimate conclusion that unlawful activity was occurring at the residence at issue.

### D.  Production of the CI

Defendant has provided no legitimate basis for revealing the identity of the CI. Instead, Defendant baldly asserts that production of the CI is the only manner in which the Court could verify that Palmer did not fabricate his statements in the warrant affidavit. While the U.S. Supreme Court has held that the Due Process Clause requires the Government to disclose the identity of an informant at trial if it show relevant and helpful to the defense, *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957), the Government has never been required the disclose the informant's identity at a suppression hearing. *McCray v. Illinois*, 386 U.S. 300, 312-13 (1967)(holding that due process is not offended when an informant is not produced at a preliminary hearing).

5

Defendant has not shown that the identity of the CI would be relevant or helpful to his defense.  This Court has found no authority which would require that the CI be identified at a preliminary hearing on a motion to suppress.  Furthermore, allegations that the warrant affidavit contains false information do not mandate an *in camera* review of the CI.

> We decline defendants' invitation to extend the reasoning of the *Franks* decision to mandate a preliminary *in camera* examination of both the affiant and the informants in cases where the defendants allege that the affidavit contains false information. In *Franks*, the Court was primarily concerned with the credibility of the affiant, not the informants. … [T]he *Franks* Court simply held that the government affiant must reasonably believe the allegations to be true.

*United States v. Giacalone*, 853 F.2d 470, 476 (6th Cir. 1988).  Defendant's motion to produce the CI, therefore, lacks merit.

   E.  Motion to Compel

Defendant has also moved to compel production by the Government of an audiotape between the CI and Kelker.  The Government has responded that the audiotape is not subject to disclosure.  This Court agrees.

Fed.R. Crim.P. 16(a) describes the information subject to disclosure by the Government.  Defendant has failed to identify any section of the rule which supports his request for the audiotape.  Based upon his motion, it appears that Defendant is relying on Rule 16(a)(1)(E)(i) which provides that the Government must permit a defendant to inspect or copy tangible objects if "the item is material to preparing the defense."  From the evidence before this Court, the audiotape at issue allegedly contains a conversation between Kelker and the CI in which a drug buy is arranged.  Herein, Defendant was not charged with any drug offense.  Consequently, there is nothing to suggest that the content

of the audiotape is relevant and/or material to any defense Defendant may seek to raise.

Defendant's motion to compel, therefore, lacks merit.

**III.     Conclusion**

For the reasons set forth herein, Defendant's Motion to Suppress, Motion for a

*Franks* hearing, and motion to produce the informant are DENIED.

So ordered.

April 21, 2008                                      _____/s/ Judge John R. Adams_____
                                                   JUDGE JOHN R. ADAMS
                                                   UNITED STATES DISTRICT COURT